IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02368-BNB

MONTGOMERY WOLFBEAR COYOTE, and
MARION ORNESTUS HARPER, III,

       Plaintiffs,

v.

MONT. CO. SHERIFF'S DEPT.,
MONTEZUMA CO. BOARD OF COMM.,
CITY OF CORTEZ, Colorado,
CORTEZ POLICE DEPT. OFF. MARTINEZ,
22ND JUDICIAL DIST. JUDGES,
DOUGLAS WALKER,
TODD PLEWE,
JENNILYNNE LAWRENCE, and
DIST. ATTY. RUSSELL WESLEY,

       Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

       Plaintiff, Marion Ornestus Harper, III, has filed *pro se* a Complaint.  The court must construe the Complaint liberally because Mr. Harper is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Harper will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

       The court has reviewed the Complaint filed by Mr. Harper and finds that the Complaint is deficient.  First, Mr. Harper may not assert claims on behalf of other individuals, and he may not list other individuals as Plaintiffs in a pleading that only he

has signed.  A *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, Mr. Harper may pursue only his own individual claims in this action.

The court also finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harper fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Merely making conclusory allegations, such as "Defendants have willfully, knowingly, and systematically conspired to deprive Native American tribal

2

members, blacks, and immigrant Hispanic citizens of their Constitutional Rights as outlined in Const. Amendments 1, 4, 8, 5, and 6" (ECF No. 1 at 3), is not sufficient to state a cognizable claim for relief.  It is not clear whether Mr. Harper is claiming that his own rights have been violated in any way.  Therefore, Mr. Harper will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.

In order to state a claim in federal court, Mr. Harper "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Furthermore, because Mr. Harper is asserting claims against municipal entities, he must identify a municipal policy or custom that caused the alleged violations of his rights.  *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability).  Finally, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Harper file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Harper shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at

3

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harper fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED September 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge